### No. 525

PULLIAM v. LABORATORIES CO. et
No. 19110. Supreme Court
On motion to certify. Dock. May 1, 1925;
3 Abs. 297.

313. CORPORATIONS—Can suit for injunction by stockholders to restrain directors from conveying assets of one corporation to another in which directors have interest, be denied because said stockholder is guilty of unequitable conduct, and did not come into court with clean hands?

L. R. Pulliam brought an action in the Cuyahoga Court of Appeals against W. E. Telling, J. H. Coolidge and W. O. Frohing as directors and officers of the W. O. F. Laboratories Co. to enjoin them from transferring most of the assets of that company, without consideration, to another corporation, to wit the Laboratory Products Co. of which said directors and officers are themselves officers and directors.

The eleventh finding of facts in the Court of Appeals is that the defendants have not conspired together and with other stockholders of the Laboratory Products Co., to cause the assets of the Laboratories Co. to be conveyed to the Products Co. without consideration therefor. The answer of the defendants admit the demand by the Products Co. on the Laboratories Co. for the transfer of the contract with the Babies Dispensary, for cancellation of the contracts between both companies, assignment to the Products Co. of all patents and copyrights in connection with S. M. A. and infant food, now standing in its own name, and an accounting of funds paid to the Laboratories Co. under said contracts, less its expense thereto.

Pulliam, a stockholder in the Laboratories Co. brought this action in behalf of the corporation to prevent defendant directors from making this voluntary transfer of the assets of one corporation to another. The defense of the defendant directors was that Pulliam made certain alleged misrepresentations to the directors of the Telling Belle Vernon Co. which induced them to cancel a licence contract which it had with the Babies Dispensary

and Hospital, and induced them to authorize directors of the Products Co. to make certain sub-license contracts with the Laboratories Co.

Pulliam claimed this action was not founded upon any of said contracts, but on a right of a corporation to have its directors protect its assets, on the right of a corporation to have the transactions between it and others, authorized by a disinterested board of directors, and on the right of a stockholder to sue on behalf of the corporation to protect its right when a majority of the directors have an adverse interest. It was decreed and adjudged that Pulliam's prayer for injunction be denied and his petition dismissed.

Pulliam takes the case to the Supreme Court and the following are some of the questions presented:

Relief in the lower court was denied on the ground that Pulliam had been guilty of inequitable conduct toward corporations which were not parties to the action.

1. Can relief properly be denied a corporation for a wrong to it, merely because the stockholder who instituted the action on its behalf was guilty of inequitable conduct and has not come into court with clean hands?

2. Can such inequitable conduct be availed of by defendant directors to prevent an injunction against them, enjoining them from transferring corporate property to another corporation in which they are interested?

Pulliam claims there is prejudicial error in the Court of Appeals, in that the judgment was rendered for defendants instead of for him; that the Court of Appeals in effect held that a majority of directors of a corporation were not disqualified from voting on a motion to transfer its assets to another corporation in which they were officers and directors; in that the judgment held in effect that a corporation is not entitled to equitable relief if the stockholder bringing the suit to enjoin the transfer without consideration, had made misrepresentations to persons not parties to the action, although there was no evidence that such misrepresentations were not made in good faith, and in that the Court failed to make special findings pursuant to 12252 and 11470 GC., on all specific material points upon which findings were requested, some 16 in number.

Attorneys—Thompson, Hine & Flory, for Pulliam; Tolles, Hogsett, Ginn & Morley, for directors; all of Cleveland .